Lynn Hubbard III, SBN 69773
Scottlynn J Hubbard, IV, SBN 212970
**Law Offices of Lynn Hubbard**
12 Williamsburg Lane
Chico, CA. 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES SANFORD,<br><br>　　　Plaintiff,<br><br>　　vs.<br><br>CAPITAL CITY RESTAURANTS, INC. dba TGI FRIDAY'S #1725; JOHN A. FORSTER AND LISA FORSTER, Trustees of the FORSTER FAMILY TRUST,<br><br>　　　Defendants. | CIV. 05-CV-00519 WBS (JFM)<br><br>**Plaintiff's Opposition to Defendants' Motion To Stay The Action Until Demolition of Public Accommodation And/Or To Dismiss Plaintiff's Supplemental State Claims**<br><br>Date:　December 9, 2005<br>Time:　1:30 p.m.<br>Ctrm:　5<br><br>Honorable William B. Shubb |

*Sanford v. Capital City Restaurants, et al.*, **Case No. 05-CV-00519 WBS (JFM)**
**Plaintiff 's Opposition to Defendants' Motion To Stay**

Page 1

## I. INTRODUCTION

Defendants move this Court to stay the instant action and to dismiss Plaintiff's claims under state law.  The main basis for these arguments is that: 1) Defendants intend on demolishing and/rebuilding the subject property – a TGIFs restaurant – and therefore Plaintiff's claim under the ADA fort injunctive relief will be mooted; and 2) the Court should dismiss Plaintiff's state claims based on comity and because the claims raise novel, complex, and undecided issues better left to the California courts. Defendants' arguments are without merit.

Staying the action would be premature at this point, as the discovery that would ensue without a stay would serve the state claims as well as the federal claims.  Additionally, declarations that Plaintiff's claims are moot because the subject property will be demolished are irrelevant *unless and until* the property is *actually* demolished.  In the meantime, the barriers at the property will continue to discriminate against Plaintiff and others similarly situated.  How long is Plaintiff expected to wait until the building is "demolished"? Three months?  Six months?  One year?

Finally, Defendants' claims that the state law claims present "novel, complex, and undecided issues" is simply not true.  The state law claims are in fact predicated on the federal ADA claim, with a difference that a disabled person may seek damages as well.  The issue of damages – especially in the case of capped statutory damages, such as are provided by the California statutes at issue – can hardly be deemed "novel" or even "complex."

## II.  DISCUSSION

*Sanford v. Capital City Restaurants, et al.*, **Case No. 05-CV-00519 WBS (JFM)**
**Plaintiff 's Opposition to Defendants' Motion To Stay**

Page 2

A. **<u>Defendant's Motion To Stay Is Premature</u>**

Plaintiff James Sanford ("Sanford") filed this action against Defendants for denying him full and equal enjoyment in the use of the TGIF restaurant (hereinafter, the "Restaurant") located at 1229 Howe Avenue, Sacramento, CA, and for failing to remove architectural barriers that violate federal disability access standards as proscribed by the Americans with Disabilities Act Accessibility Guidelines ("ADAAG"), codified at Appendix A of 28 C.F.R., Part 36.

Plaintiff seeks to recover, *inter alia*, damages pursuant to the Unruh Civil Rights Act ("Unruh Act"), California Civil Code §§ 51 et seq., and injunctive relief under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12188(a)(2), so that he may in the future enjoy full and equal access to the subject property by having the barriers that bar such access removed.

To that end, Plaintiff will conduct discovery with an eye proving both his federal and state claims. As the claims are so inter-related[1] Plaintiff's discovery will serve both sets of claims at once. However, there is one difference – Plaintiff can seek damages under the state law claims.

While injunctive relief may ultimately be unavailable to Plaintiff, damages would still be available. And the same evidence that would support his claim for injunctive relief under the ADA is <u>required</u> to support his claim for damages under, for example, the Unruh Act. So, the fact that injunctive relief may no longer be at issue doesn't mean that plaintiff's expenditure of resources on injunctive relief for ADA violations will be for naught. If Defendants' proposal to tear down its facility are approved by the city, and

---

[1] Indeed, for example, the Unruh Civil Rights Act has been amended to add the language "A violation of the right of any individual under the Americans With Disabilities Act of 1990 (Public Law 101-336) shall constitute a violation of this section." Cal. Civ. § 51.

*Sanford v. Capital City Restaurants, et al.*, **Case No. 05-CV-00519 WBS (JFM)**
**Plaintiff 's Opposition to Defendants' Motion To Stay**

Page 3

1  the TGIFs is eventually torn down so it can be remodeled, including making
2  it accessible to the disabled, the Court can re-visit the stay and reconsider
3  this new evidence.  However, staying a matter on the chance that Defendants
4  may *eventually* tear down the Restaurant and build something else is hardly
5  good cause under Rule 16(b) of the Federal Rules of Civil Procedure.
6        Furthermore, the declarations provided by Defendants are all based on
7  anticipation of approval by the city as well as approval for financing.[2]  This
8  is entirely too speculative to support a granting of stay at this time.  Again, if
9  the building is eventually demolished, obviously the Court can re-examine
10 this motion in a new light. *See, e.g., Clavo v. Zarrabian, et. al.,* Case No.
11 SACV 03-0864 CJC (Rcx), Minute Order, Dated March 30, 2004, Docket
12 Item # 131 (wherein the Honorable Judge Carney stated that, "The Court
13 recognizes that the issue [accessibility at the subject grocery store] will
14 become moot if Defendant closes the store at issue as it indicates it intends
15 to do in the near future…**Unless and until** Defendant closes the store,
16 however, the issue is not moot.") (emphasis added)
17       **Unless and until** the TFIGs in question is torn down for a remodel,
18 Plaintiff's ADA claims are not moot, and the action remains ripe for
19 litigation.
20
21       a.    *Example – White v. Cinemark*
22       Perhaps Plaintiff's argument is best served by example.  Counsel for

---

[2] Plaintiff notes that Defendants have filed a "*Unilateral* And Unconditional Stipulation/Declaration" (emphasis added) filled with self-serving statements regarding demolition and accessibility upgrades.  Plaintiff wonders how Defendants would react if he filed a "Unilateral and Unconditional Stipulation" stating that the barriers at the Restaurant can all be removed in a readily achievable fashion, and therefore there is no need for Defendants to deal with this thorny legal issue as the Unilateral stipulation has neatly taken it off the table.

*Sanford v. Capital City Restaurants, et al.,* **Case No. 05-CV-00519 WBS (JFM)**
**Plaintiff 's Opposition to Defendants' Motion To Stay**

Page 4

1   Plaintiff represents Plaintiff Sherie White in the case of *White v. Cinemark*,
2   Case No, 04-CV-00397.  In that case, as in this case, Defendant moved the
3   court for a stay based on arguments that: 1) the theater at issue would either
4   be entirely re-built or re-modeled in the future; or 2) the city was planning
5   on putting a new road through the property underlying the theater, thus
6   necessitating a tear-down.  In either case, the Defendant made the same
7   argument: Plaintiff's claims for injunctive relief will be mooted.  *See White*
8   *v. Cinemark*, Case No, 04-CV-00397, *Ex Parte* Application For Stay, Dated
9   March 11, 2005, Docket Item # 45.

10  The matter had already been set for trial, with a scheduled trial date of
11  July 25, 2005. *See id.*, Status Order, Docket Item # 23.  The Honorable
12  Judge Garland Burrell, Jr., denied Defendant's motion, *see id.*, Docket Item
13  #52, and as of the date of the filing of this Opposition, the parties have been
14  very busy preparing for trial (moved for unrelated reasons to Cinemark's
15  motion for a stay). *See id.*, Docket Items ##112-148.

16  The point of this story is hopefully clear: those things that Cinemark
17  stated would come to pass – a re-build or re-model of the theater to make it
18  accessible, or a complete tear-down due to an eminent domain issue – never
19  in fact came to pass.  The subject theater still stands, and still presents the
20  same barriers alleged by plaintiff Sherie White, over <u>nine months</u> after
21  defendant Cinemark requested a stay.  If the stay had been granted, the
22  parties would *still* be sitting idly by, twiddling their thumbs, while the
23  defendant theater continued to exist with access barriers.

27  **B.      This Court Should Retain Jurisdiction Over Plaintiff's State law**
28  **Claims**

*Sanford v. Capital City Restaurants, et al.,* **Case No. 05-CV-00519 WBS (JFM)**
**Plaintiff 's Opposition to Defendants' Motion To Stay**

Page 5

If a district court has supplemental jurisdiction (as this Court currently does), it <u>must</u> exercise that jurisdiction unless an exception exists. *Executive Software North America, Inc. v. United States Dist. Court*, 24 F.3d 1545, 1555-56 (9th Cir. 1994) (emphasis added). Traditionally, there are four occasions when a court may properly refrain from exercising supplemental jurisdiction. The district court may decline supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law;

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3) the district court has dismissed all claims over which it has original jurisdiction; or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

*Id.* at 1556; 28 U.S.C.A. § 1367(c).

1. <u>No Novel or Complex Issue of State Law</u>

Pursuant to Title 28 of the United States Code, section 1367(c)(1), a court may decline to exercise supplemental jurisdiction if the supplemental state law claims raise novel or complex issues of state law. *Id.* More specifically, when the state law cause of action is a matter of *first impression* or *bears no resemblance to a federal statute*, a federal district court may properly decline to exercise supplemental jurisdiction. *Harris v. Joint School Dist. No. 241*, 41 F.3d 447, 449-50 (9th[h] Cir. 1994); *accord O'Connor v. State Of Nevada*, 27 F.3d 357 (9th Cir. 1994).

In *Harris*, in addition to federal claims, the plaintiffs alleged that including prayers in a High School graduation ceremony violated the Idaho Constitution's Religion Clause. *Harris*, 41 F.3d at 458. The district court

*Sanford v. Capital City Restaurants, et al.*, Case No. 05-CV-00519 WBS (JFM)
Plaintiff 's Opposition to Defendants' Motion To Stay

Page 6

declined to exercise supplemental jurisdiction over this state law claim holding that it was a matter of first impression. *Id.,* at 449. The Ninth Circuit affirmed and explained that the state law claim was:

> [A] novel and complex issue of first impression. The Idaho Supreme Court ha[d] not addressed prayer in the public schools in any context. Moreover, the state constitutional provisions [bore] no resemblance to those found in the First Amendment and appear[ed] to be the product of Idaho's unique religious history.

*Id.* at 449-50.

Similarly, in *O'Connor*, the plaintiff alleged both federal and state law claims. *O'Connor*, 27 F.3d at 357. The Plaintiff's state law claim constitutionally challenged a requirement that State Supreme Court judicial candidates be licensed attorneys. *Id.* Plaintiff alleged that the requirement violated the Nevada State Constitution. *Id.* The district court declined to exercise supplemental jurisdiction over this state law claim. *Id.* The Ninth Circuit affirmed, holding that the "question of Nevada constitutional law presented is the very sort of 'novel' issue that usually will justify declining jurisdiction over the claim." *Id.* at 359.

Contrary to *O'Connor* and *Harris*, this case does not present novel or complex issues of state law. Unlike the *Harris* state law claims which "bore no resemblance" to a federal claim, the Plaintiff's state law claims are identical to his federal claim; a violation of the ADA constitutes a violation of the state regulations. If the plaintiff prevails in establishing a violation of the ADA, he necessarily prevails in establishing violations of the California disability statutes. Moreover, while the Idaho and Nevada state courts had not previously addressed the "novel" state law claims raised in *Harris* and *O'Connor*, California courts have addressed the Plaintiff's state law claims on numerous occasions. *See e.g., Donald v. Sacramento Valley Bank*, 260

*Sanford v. Capital City Restaurants, et al.,* **Case No. 05-CV-00519 WBS (JFM)**
**Plaintiff 's Opposition to Defendants' Motion To Stay**

Page 7

Cal. Rptr. 844 (1989); *Marsh V. Edward Theatres Circuit, Inc.,* 134 Cal. Rptr. 844 (1976); *Hankins v. El Torito Restaurants, Inc.,* 74 Cal. Rptr. 2d 684 (1st Dist. 1998).  Disability access laws are anything but novel in California.

Federal courts are also well acquainted with the ADA, a violation of which is a violation of certain California state laws.  Cal. Civ. Code §§ 51 and 54 *et. seq*.  State law disability claims identical to the Plaintiff's have been tried in numerous federal district courts. *See eg. Arnold v. United Artists Theatre*, 158 F.R.D. 439 (N.D. Cal. 1997); *Boemio v. Love's Restaurant*, 954 F. Supp. 204 (S.D. Cal. 1997); *Independent Living Resources v. Oregon Arena Corp.*, 982 F. Supp. 698 (D. Org. 1997); *Botosan v. Fitzhugh*, 13 F. Supp. 2d. 1047 (S.D. Cal. 1998).

In sum, because the Plaintiff's state law claims do not raise novel or complex issues of state law, the court should not decline supplemental jurisdiction under section 1367(c)(1).

2. <u>State Law Claims Do Not Substantially Predominate</u>

A court may also decline supplemental jurisdiction if the state law claims substantially predominate over the federal claims. 28 U.S.C. § 1367(c)(2).  However, if the federal claim is substantial and the state and federal claims are based on the same conduct and will require the same evidence, the district court cannot decline to exercise supplemental jurisdiction.  *Patel v. Penman*, 103 F.3d 868 (9th Cir. 1996); *Picard V. Bay Area Reg'l Transit Dist.*, 823 F.Supp. 1519 (N.D. Cal. 1993).

In *Patel*, the district court declined to exercise supplemental jurisdiction.  The Ninth Circuit affirmed, reasoning that the federal claim (procedural due process), "would be a slender federal reed on which to base

*Sanford v. Capital City Restaurants, et al.,* **Case No. 05-CV-00519 WBS (JFM)**
**Plaintiff 's Opposition to Defendants' Motion To Stay**

Page 8

jurisdiction over a state-law claim as substantial as inverse condemnation." *Id.* 103 F.3d at 877. Moreover, the court found that there was "a lot of different evidence; there [was] a lot of different theories . . . indeed even a [different] trier of fact" relating to the disparate state and federal claims. *Patel*, 103 F.3d. at 877.

Using the same rule of law, the *Picard* court exercised supplemental jurisdiction over state law causes of action. It explained:

> Plaintiffs' state law claims do not substantially predominate over their federal claims. Plaintiffs' [federal] claims are based on the same conduct that forms the basis of their state law claim. While different legal theories are involved, each will require virtually the same evidentiary presentation at trial.

*Picard*, 823 F. Supp at 1527. Accordingly, the *Picard* court found the exercise of supplemental jurisdiction proper.

Relying on the reasoning found in *Patel* and *Picard*, the Plaintiff's state law claims do not substantially predominate over his federal claim. Unlike the *Patel* claims which demanded different evidence and different theories on the federal and state law claims, the Plaintiff's claims are identical and will require the same evidence—architectural drawings, accessibility reports, financial costs, and financial wherewithal. More analogous are the *Picard* claims. Like the *Picard* claims, the Plaintiff's state and federal claims are based on the same conduct and will require "the same evidentiary presentation at trial." *Picard* 823 F.Supp. at 1527. Therefore, just as the *Picard* court exercised supplemental jurisdiction, this court should exercise its supplemental jurisdiction.

3. <u>Federal Claims Have Not Been Dismissed</u>

A third exception to supplemental jurisdiction arises when the federal

*Sanford v. Capital City Restaurants, et al.*, Case No. 05-CV-00519 WBS (JFM)
Plaintiff 's Opposition to Defendants' Motion To Stay

Page 9

claims have been dismissed and the district court declines to exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3). Traditionally, this is a court's most likely reason to decline to exercise supplemental jurisdiction. *See Reynolds v. County of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996) (holding that when federal claims have been dismissed it is an abuse of discretion to retain supplemental claims unless extraordinary or unusual circumstances justify their retention). This exception, however, does not apply here. The Plaintiff's federal claim has not been dismissed. It is still central and paramount to the resolution of this lawsuit. Accordingly, the court should not decline to exercise supplemental jurisdiction under section 1367(c)(3).

    4.    <u>There Are No "Exceptional Circumstances" Or Other "Compelling Reasons" To Deny Supplemental Jurisdiction</u>.

The final factor to examine is whether "exceptional circumstance" or "compelling reasons" exist for not exercising jurisdiction. 28 U.S.C. § 1367(c)(4). The statutory language does not define "exceptional circumstances" or "compelling reasons" that justify not exercising supplemental jurisdiction.

In *Executive Software*, the Ninth Circuit explained that "compelling reasons" simply refer to the section 1367(c)(1)-(3) categories. The court noted, "we find that other compelling reasons clearly refers the district court back to the subsection (c)(1)-(3) categories." *Executive Software*, 24 F.3d at 1558. As previously demonstrated, the Plaintiff's case does not qualify under any of those exceptions. Thus, there are no "compelling reasons" to withhold supplemental jurisdiction. In fact, the *Executive* court emphasized "[w]e think that it's clear . . . that declining jurisdiction outside of subsection(c)(1)-(3) should be the exception, rather than the rule." *Id*. The "exception" would only be where there are truly unusual circumstances:

*Sanford v. Capital City Restaurants, et al.*, **Case No. 05-CV-00519 WBS (JFM)**
Plaintiff 's Opposition to Defendants' Motion To Stay

Page 10

> Congress has sounded a note of caution that the basis for declining jurisdiction should be extended beyond the circumstances identified in subsections (c)(1)-(3) <u>only</u> if the circumstances are quite unusual.

*Id*. (emphasis added).

The Plaintiff's case, although involving a violation of federal and state law rights, is not factually complex and cannot be characterized as so unusual that supplemental jurisdiction should not be exercised. Given the Congressional mandate of 28 U.S.C. § 1367(c), supplemented by the clear language of the *Executive* decision, this court should exercise supplemental jurisdiction over the plaintiff's pendant state law claims.

### III. CONCLUSION

Defendant's Motion for a Stay of the instant action is premature. If and when a remodel or rebuilding of the subject TGIFs actually begins, then this Court can re-consider Defendant's motion anew.

Defendant's arguments concerning supplemental jurisdiction are also without merit, and the clear case law – as well as judicial economy and efficiency – supports this Court continuing to exercise such jurisdiction.

Dated: December 23, 2005        LAW OFFICES OF LYNN HUBBARD


 /s/ Lynn Hubbard, Esquire        /
LYNN HUBBARD, III
Attorneys for Plaintiff

*Sanford v. Capital City Restaurants, et al.*, Case No. 05-CV-00519 WBS (JFM)
Plaintiff 's Opposition to Defendants' Motion To Stay

Page 11