UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

JAMES SANFORD,

         Plaintiff,

   v.

CAPITAL CITY RESTAURANTS, INC. dba TGI FRIDAY'S #1725; JOHN A. FORSTER; RICHARD M. FORSTER TRUST; DANIEL S. FORSTER and DONNA J. FORSTER, Trustees of the FORSTER FAMILY TRUST.

         Defendants.

CASE NO. CIV. 05-0519 WBS JFM

ORDER

----oo0oo----

         Plaintiff James Sanford alleges that defendants Capital City Restaurants, Inc., dba TGI Friday's #1725, and John A. Forster and Linda Forster, Trustees of the Forster Family Trust, violated Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12300, and various California statutes, including the Unruh Civil Rights Act, Cal. Civ. Code § 51 et seq., ("Unruh Act"), and state statutes providing for access to public facilities, Cal. Civ. Code, § 54 et seq.; Cal.

1

1  Health & Saf. Code, § 19955 et seq.  Defendants move to stay the
2  proceedings, on the ground that their existing plans to demolish
3  and rebuild the building that is the subject of this lawsuit will
4  inevitably render the controversy moot.
5          Before plaintiff's complaint was filed in this action,
6  defendants had previously settled a lawsuit involving ADA
7  violations at the same restaurant, brought by another plaintiff.
8  (Corfee Decl. ¶ 6.)  Pursuant to that settlement agreement,
9  defendants are now in the process of finalizing plans to demolish
10 the building and to rebuild it to provide disability
11 accommodation in accordance with the ADA and California law.
12 (Id.)  However, because defendants have not yet received final
13 approval of their plans from the Sacramento County Building
14 Department, and because defendants do not want to begin the
15 process of demolition and construction until weather conditions
16 are favorable, it is estimated that construction will not
17 commence until April.  (Id.) (Defs.' Reply 2.)  Defendants
18 further anticipate that a new restaurant will be open in November
19 2006 at the earliest.  (Id.)
20         The court has discretion to stay this action pending
21 the demolition and reconstruction of the restaurant at issue.  In
22 Landis v. North America Co., 299 U.S. 248, 254-55 (1936), the
23 Court noted that "the power to stay proceedings is incidental to
24 the power inherent in every court to control the disposition of
25 the causes on its docket with economy of time and effort for
26 itself, for counsel, and for litigants."  See also Bureerong v.
27 Uvawas, 167 F.R.D. 83, 87 (C.D. Cal. 1996) ("As a general rule, a
28 court has the inherent power, in its discretion, to stay civil

2

1 proceedings 'when the interests of justice seem[ ] to require
2 such action.'" (internal citation omitted)).[1]

3      In deciding to grant a stay by weighing the competing
4 interests of the parties, the court should consider the following
5 factors: (1) the possible damage that may result from the grant
6 of a stay, (2) the hardship or inequity a party may suffer in
7 being required to go forward with the case, and (3) the orderly
8 course of justice—in terms of simplifying or complicating the
9 issues, proof, and questions of law which could be expected to
10 result from a stay.  CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th
11 Cir. 1962) (citing Landis, 299 U.S. at 254-55).  First, the court
12 can anticipate no possible damage that would result from the
13 grant of a stay of such limited duration in this case.  Second,
14 plaintiff conceded in oral argument that a stay of two months is
15 reasonable; thus, plaintiff clearly does not anticipate that he
16 will suffer inequity or hardship as the result of a stay.

17      Third, the orderly course of justice will clearly be
18 served by the grant of a stay.  Defendants have submitted
19 declarations that the demolition of the building that is the
20 subject of the lawsuit will have begun by April 2006.  Thus, in
21 two months, if the restaurant is closed and the building at least

---

23    [1] Although the caselaw providing the standard for
24 granting a stay relates to granting a stay pending the resolution of other proceedings, the same principle is at work in this case:
25 a stay would allow the court to postpone decision-making pending other action that will resolve at least some, if not all, of the
26 issues in the case. Furthermore, the discretionary authority courts have in granting stays has been applied to stay an action
27 simply because it appeared that settlement discussions between the parties might prove fruitful.  EEOC v. Canadian Indemnity
28 Co., 407 F. Supp. 1366, 1368 (C.D. Cal. 1976).

3

1  partially demolished, the federal ADA claims that provide for
2  injunctive relief will no longer be at issue.  When the building
3  is being demolished and rebuilt, plaintiff will have no legally
4  cognizable interest in obtaining an injunction against defendants
5  to do what they are already doing—i.e., ensuring that their
6  restaurant is in compliance with the ADA.  See Powell v.
7  McCormack, 395 U.S. 486, 496 (1969) (An action is moot "when the
8  issues presented are no longer 'live' or the parties lack a
9  legally cognizable interest in the outcome.").

10         IT IS THEREFORE ORDERED that defendants' motion to stay
11  proceedings be, and the same hereby is, GRANTED, and no discovery
12  shall be conducted in this case until further order of this
13  court.  On or before April 10, 2006, the parties shall submit a
14  joint status report discussing, inter alia, the progress of the
15  demolition and/or reconstruction of the premises; and this matter
16  is set for status conference on April 17, 2006, at 1:30 p.m.
17  DATED: January 11, 2006

_William B. Shubb_
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4